IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HUNTER MILLER HOWELL, JR.,

        Plaintiff,

v.                                                   Case No. 2:04-cv-95
                                                   (Judge Maxwell)

JOHN CHANNEL, Chief Deputy Sheriff,
DOYLE POLING, Chief Correctional
Officer, FRANK CUDA, R.N. and Certified
Family Nurse Practioner, and
DONNA TASKER, Correctional Officer,

        Defendants.

## REPORT AND RECOMMENDATION

On December 17, 2004, the plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleges that his civil rights were violated while incarcerated at the Randolph County Jail. Plaintiff was granted permission to proceed as a pauper and summonses issued on January 25, 2005. The defendants were granted an extension of time to answer the complaint and an answer was filed on March 29, 2005, in the form of a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court issued an Order on April 6, 2005 advising the *pro se* plaintiff of his right to file a response to the defendants' motion and to alert him to the fact that the failure to do so could result in the entry of an order of dismissal against him. Moreover, that Order set forth the standard for reviewing a motion to dismiss under Rule 12(b)(6) and the standard for reviewing a motion for summary judgment.[1] Plaintiff was further advised of the proper way to respond to a motion for summary judgment.

---

[1] Because the defendants' motion was accompanied by affidavits and other documents, the Court noted that is was likely that the motion would be construed as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

On April 18, 2005, the copy of the Roseboro notice sent to plaintiff was returned undeliverable. That same day, *defense counsel* notified the court of plaintiffs' new address and the Roseboro notice was re-sent to that address. On September 28, 2005, this Court denied plaintiffs' motion for appointment of counsel. The copy of that Order sent to plaintiff was returned as undeliverable on October 17, 2005. Plaintiff has never filed a change of address with the court, nor has he responded to the defendants' motion.

Because plaintiff has failed to keep the court apprized of his current address, it appears that plaintiff no longer wishes to pursue this litigation. Accordingly, it is hereby recommended that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be DISMISSED without prejudice for the failure to prosecute unless the Court hears to the contrary within ten (10) days from the date of this Order. Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 19th day of December, 2005.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE